CASE 40—PETITION EQUITY—FEBRUARY 13.

1du321
88 490

## Moss vs. Rowland's ex'or.

APPEAL FROM WOODFORD CIRCUIT COURT.

1. A claim for usury by the defendant in a judgment against the plaintiff, which existed when the judgment was rendered, cannot be a ground for simple modification of the judgment. (*Civil Code, sec.* 14.)

2. But the subsequent non-residence of the plaintiff will give the court equitable jurisdiction to set-off the usury against the judgment. (2 *Met.*, 97.)

T. P. PORTER, for appellant, cited *Civil Code, sec.* 14; 2 *Met.*, 95; 1 *Mon.*, 194; 3 *Mon.*, 83; 2 *J. J. M.*, 365.

H. C. McLEOD, for appellee, cited *Civ. Code, sec.* 14; 2 *Metcalfe*, 96.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The claim for usury set up in this suit existed when the judgment at law was recovered by Rowland against Moss, and was then a proper subject of set-off, and could not now be a cause of simple modification of the judgment, because for-

bidden by section 14, Civil Code. But Rowland was then a resident of this State, and has since become a non-resident. Before this petition was brought his non-residency conferred jurisdiction on the court which does not conflict with the provisions of said section.

Moss had a remedy by independent suit to recover the amount of this usury which Rowland defeated by his removal. It would, therefore, be unjust to compel Moss to pay over the whole amount of Rowland's judgment against him, and withhold all remedy in his favor.

The equity upon which the set-off was allowed in *Carson* vs. *Carson*, 2 *Met.*, 97, applies with equal force to this case.

Wherefore, the judgment is reversed, with directions to the circuit court to overrule the demurrer to plaintiff's petition, and for further proceedings thereon.